THALMANN et al. v. IMPORTERS' & TRADERS' NAT. BANK OF NEW
YORK et al.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

**1.** DEPOSITIONS—OPEN COMMISSION—WITNESSES IN OTHER STATE.

In an action to recover money loaned on fraudulent securities, plaintiff's claim that certain witnesses residing in another state were hostile, based upon the fact that the bank of which they were officials was the correspondent of the defendant bank, and that they refused to plaintiff any information concerning the alleged cause of action, was not sufficient ground to justify the granting of an open commission to examine them.

Appeal from special term, New York county.

Action by Ernst Thalmann and others against the Importers' & Traders' National Bank of New York and others. From an order directing that an open commission issue in behalf of plaintiffs to examine witnesses in another state, defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Delos McCurdy, for appellants.

Henry G. Wiley, for respondents.

LAUGHLIN, J. The action is brought to recover the sum of $38,034.42, alleged to have been loaned by the plaintiffs to the defendant Schroeter, which it is claimed he paid to the defendant bank either in cash or in other collateral purchased with the proceeds of the loan. It is alleged that the loan was procured through a fraudulent and prearranged scheme and conspiracy on the part of the defendants to induce the plaintiff to accept as collateral security therefor what purported to be 56 bonds of the commonwealth of Virginia of $1,000 each, which bonds, as the defendants well know, were false, forged, and counterfeited. The answers of the defendants put in issue the material allegations of the complaint. The witnesses are all residents of Virginia, and three of them are public officials, and two are the president and cashier, respectively, of the National Bank of Virginia, which is the Richmond correspondent of the appellant bank. It is claimed that the president and vice president of the National Bank of Virginia are hostile to the plaintiff; but this claim is based upon the fact that that bank is the correspondent of the appellant bank, and that these witnesses have refused to give the plaintiffs any information concerning the alleged cause of action. It is proposed to examine all of these witnesses on the main issues in the case. The plaintiff has seen fit to bring his action here, and sufficient ground is not shown for transferring the trial of the principal issues to the state of Virginia. No special reason or circumstance is shown which warrants the issue of an open commission. The order should, therefore, be modified, with $10 costs and disbursements to the appellants, by directing that a commission issue to examine the witnesses upon written interrogatories. All concur.

¶ 1. See Depositions, vol. 16, Cent. Dig. § 62.